38911. State ex rel. Clark et al., v. Brown, Secretary of State. 

Zimmerman, Judge.

Section 4710.02, Revised Code, forbidding any person to engage in the business of a debt-pooling company unless licensed and regulated by the legislative authority of the political subdivision in which such person operated prior to January 1, 1958, is a valid enactment not violative of the due process and equal protection clauses of the federal and state Constitutions.

Writ denied.

Taft, C. J., Matthias, O'Neill, Herbert and Brown, JJ., concur.

---

38784. Village of West Jefferson, appellant v. Robinson, appellee. 

 Taft, Chief Justice.

1. The power of any Ohio municipality to enact local police regulations is derived directly from Section 3 of Article XVIII of the Ohio Constitution and is no longer dependent upon any legislative grant thereof, as it was prior to the adoption in 1912 of that section of the Constitution.

2. The power given to municipalities by Section 3 of Article XVIII to adopt and enforce local police regulations includes the power by such regulations to prohibit. (Paragraph four of the syllabus of Benjamin v. City of Columbus, 167 OhioSt. 103, followed.)

3. The words "general laws" as set forth in Section 3 of Article XVIII of the Ohio Constitution means statutes setting forth police, sanitary or similar regulations and not statutes which purport only to grant or to limit the legislative powers of a municipal corporation to adopt or enforce police, sanitary or other similar regulations.

4. Legislation pursuant to the police power may provide that a theretofore lawful activity will thereafter be a nuisance; and such legislation is valid if it has a real and substantial relationship to the public safety and general welfare of the public and is neither unreasonable nor arbitrary. (Paragraphs two and four of the syllabus of Ghaster Properties, Inc. v. Preston, Dir., 176 OhioSt. 425, followed.)

5. Where an ordinance declares to be a nuisance and punishable by fine the practice of going in and upon private residences, in a village by solicitors, peddlers, hawkers, itinerant merchants or transient vendors of merchandise, not having been requested or invited to do so by the owner or occupant of said residences, for the purpose of soliciting orders for sales of items or disposing of such items,

(a) such ordinance is a local police regulation within the meaning of Section 3 of Article XVIII of the Ohio Constitution,

(b) a municipality can adopt and enforce such ordinance within its limits unless such ordinance is in conflict with general laws or with some provision of the Ohio or federal Constitution,

(c) such an ordinance does bear a real and substantial relationship to the public safety and general welfare of the public and is neither unreasonable nor arbitrary. (Great Atlantic & Pacific Tea Co. v. Vil-